UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND ANGELA ARGUETA, REVENUE OFFICER INTERNAL REVENUE SERVICE<br>        Plaintiffs | : <br>: Civil Action No.: 11-CV-2041<br>:<br>: (Chief Judge Kane)<br>:<br>: |
| VS. | : (Magistrate Judge Arbuckle)<br>: |
| DEAN P. OLVANY<br>        Defendant | :<br>: |

OPINION AND ORDER

**PROCEDURAL HISTORY**

This is a civil action to enforce an Internal Revenue Service (hereinafter IRS) Summons.  A petition filed by the IRS (Document #1) resulted in an Order to Show Cause (Document #2).  Defendant, Dean P. Olvany (hereinafter Olvany) filed a pro se response asserting substantive and procedural defenses (Document #4).  The matter was referred by the District Judge to a Magistrate Judge for purposes of a hearing (Document #5).   All parties appeared at the hearing held on January 27, 2012 in Williamsport.

During the hearing Counsel for the government suggested that the matter required the consent of the parties to proceed before a Magistrate Judge.  Consent of the parties was not given and the hearing concluded with the announcement that a Report and Recommendation would be submitted

to the District Judge for decision. However, after reviewing the applicable statues this Court concludes that consent to proceed before a Magistrate Judge is not required.

The statute authorizing judicial enforcement of an IRS Summons states in relevant part:

> **26 U.S.C. §7604(b) Enforcement**.--Whenever any person summoned under section … 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, **the Secretary may apply** to the judge of the district court or **to a United States commissioner** for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. **It shall be the duty of the judge or commissioner** to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or **the United States commissioner shall have power to make such order as he shall deem proper**, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience. (emphasis added).

The office of United Sates Commissioner no longer exists, but the powers and duties of that office were transferred to the U.S. Magistrate Judges. The Federal Magistrates Act of 1968 established the Unites States magistrate judge system, building upon and superseding the 175 year old United States commissioners system. The authority of a Magistrate Judge is found in the Judiciary and Judicial Procedure Act at Section 636 which states:

> **28 U.S.C. § 636. Jurisdiction, powers, and temporary assignment**
> **(a)** Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law--
> **(1)** **all powers and duties conferred or imposed upon United States commissioners** by law or by the Rules of Criminal Procedure for the United States District Courts; (emphasis added). …

This matter was originally assigned to Chief Judge Kane in accordance with the Middle District Case Assignment Policy. Judge Kane referred the case to the Magistrate Judge for hearing (Document #5). This matter will therefore be decided by the Magistrate Judge.

**APPLICABLE LAW**

The IRS seeks judicial enforcement of a summons requiring the taxpayer to produce evidence of income for the period of January 1, 2011 to June 30, 2011. The IRS requests this information to aid in its determination of the collectability of an assessment of taxes owed for calendar years 2003 and 2004. The IRS relies upon 26 U.S.C. §7602 and 7604(a) for its authority to request this information and to seek judicial enforcement of the subpoena.

26 U.S.C. §7602 states in relevant part:

> **(a) Authority to summon, etc**.: For the purpose of … determining the liability of any person for any internal revenue tax …, or collecting any such liability, the Secretary is authorized:

  (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

  (2) To summon the person liable for tax …, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

  (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

…

**(d) No administrative summons when there is Justice Department referral.:**

  (1) Limitation of authority.--No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.[1]

26 U.S.C. §7604(a) states in relevant part:

**§ 7604. Enforcement of summons**

  **(a) Jurisdiction of district court.**--If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

  **(b) Enforcement.**-- Whenever any person summoned under section … 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an

---

[1] What constitutes a "Justice Department referral" is defined by subsection (d)(2). The Assistant U.S. Attorney at the January 27, 2012 hearing and the IRS Agent in her declaration have each stated that a Justice Department referral has not been made. Olvany has not asserted that such a referral has been made.

> attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

**REPORT OF HEARING**

All parties were present for the hearing on January 27, 2012. The Defendant elected to proceed pro se.

The Defendant objected to the Summons on the grounds that certain of his property was seized to satisfy the 2003 & 2004 tax obligation and the Assessment of Tax that he received was incorrect.

Counsel for the IRS argued that the pleadings on their face satisfy the statutory requirements and meet the four point test established by *U.S. v. Powell*, 379 U.S. 48 (1964), entitling the IRS to enforcement of the subpoena by Court Order.

Testimony was not taken and no exhibits were offered or admitted. All argument was on the record.

**DISCUSSION**

The IRS seeks judicial enforcement of a summons requiring Olvany to produce:

"All documents and records you possess or control regarding assets, liabilities or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records, or certificates of deposit for the period: from 01/01/2011 to 06/30/2011.  Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies." (Summons, Document #1, Exhibit 1)

The authority for this request is 26 U.S.C. § 7602.  Attached as Exhibits to the Complaint to Enforce IRS Summons (Document #1) is the Summons, a Certificate of Service, and the declaration of IRS Agent Angel Argueta.

By these documents the IRS has established that it is seeking information to be used to collect a tax liability; that the records sought are for a limited period and thus not burdensome; and that the proper procedure for service of the summons was followed.  The requirements of the statute are met by the petition and declaration of Agent Argueta.

While the Petition and Declaration do not specifically state that a tax liability exists[2] or exactly what that liability is, Olvany stated at the hearing

---

[2] The Complaint (Document #1) states at paragraph 4: "The Internal Revenue Service is presently conducting an investigation with respect to the collection of the outstanding Federal income tax liabilities (Forms 1040) of Olvany for the tax years ending in December 31, 2003 and December 31, 2004."  The Argueta Declaration (Document #1, Exhibit 1) states at paragraph 2: "In my capacity as a Revenue Officer, I am conducting an investigation into the collection of the income tax liabilities (Forms 1040) of Dean P.

that he had received assessments for tax years 2003 and 2004 and that he disputed the amount owed. The question of the amount of tax owed is not before the court. This proceeding is limited to determining if the taxpayer can be required to respond to a summons for records and information to aid in the collection of taxes owed.

At the hearing, the IRS cited *U.S. v. Powell*, 379 U.S. 48 (1964), to support its request. In *Powell*, the Supreme Court held that the IRS need not establish probable cause to suspect fraud as a prerequisite to seeking enforcement of a summons unless the taxpayer raises a substantial question that judicial enforcement of the summons would be abusive use of the Court's process. There is no basis in the record to suggest that the enforcement of the summons would be an abuse of the court's process.

Olvany in his answer (Document #4) attempts to enter a "special appearance" to challenge the jurisdiction of the Court. His answer is rambling, does not contain numbered paragraphs, and does not respond directly to the allegations in the Complaint. In fact, he states "I have never seen the complaint." (Document #4, at page 2, line 13). He does however respond to "assertions" of the plaintiffs (Document #4, at page 2, line 12); and to the "notice pleading" (Document #4, at page 3, lines 6 & 18). The

---

Olvany for the calendar years ending December 31, 2003 and December 31, 2004." These statements presume that a tax liability exists.

record also contains a "certificate of service" (Document #3) which establishes personal service on Olvany. Olvany's statement that he has "never seen the complaint" is contradicted by the record and his own pleading.

Jurisdiction to hear a petition to enforce a summons is vested in the District Court where the Defendant resides or may be found. 26 U.S.C. § 7604(a). In the instant case the IRS alleges, and Olvany admitted at the hearing, that he resides at 2073 Spruce Road, Sunbury, PA 17801. The Court takes judicial notice that this address is within the geographic jurisdiction of the Middle District of Pennsylvania (F.R.E. 201).

Olvany also objects to the jurisdiction of the Court because he has not received a "verified tax assessment or substitute for return (SFR) followed by a deficiency notice as mandated by Congress." (Document #4, at page 3, line 16). He cites no authority for this proposition, and as noted earlier, he admitted at the hearing that he has received an assessment of tax owed and disputes the amount. Based on the information before the court it appears that the IRS is attempting in good faith to collect taxes due. That is all that is required to invoke the jurisdiction of the court to enforce a summons. The amount of tax owed is not before the court at this time.

Olvany also demurs, claiming that the complaint is an attempt to form a contract, and he does not wish to contract with the IRS (Document 4, page 4, line 19 and page 3, line 6).  Olvany cites no authority for this proposition and the court finds none.

Finally, Olvany does concede the jurisdiction of the Court to "remove all erroneous liens and furthermore order all property(s) and accounts seized in the matter returned." (Document #4, page 5, line 3).  There is nothing in the record to indicate what the liens and seizures are or why they are improper.  Olvany also cites no authority for this proposition and the court finds none.

**ORDER**

Accordingly, for the foregoing reasons, IT IS ORDERED that the IRS Complaint to Enforce Summons (Doc. #1) is GRANTED and the Defendant's Objections to Jurisdiction, Demur, and Request to Remove all Liens and Levies (Doc. # 4) are DENIED.

IT IS FURTHER ORDERED that the United States be permitted to recover its costs in maintaining this action.

IT IS FURTHER ORDERED that the Defendant appear before the undersigned Magistrate Judge in Williamsport, on Thursday, March 8, 2012 at 11:00 a.m. and produce the requested documents and testimony to comply

fully with the IRS Summons (Document #1, Exhibit #1) issued August 1, 2011. Failure to appear and comply will constitute contempt. Olvany is once again strongly advised to seek competent legal advice.

### NOTICE REGARDING APPELLATE RIGHTS

**LR 72.2 Appeals from Non-Dispositive Orders of Magistrate Judges.**
**Any party may appeal from a magistrate judge's order** determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case, **within fourteen (14) days after issuance of the magistrate judge's order, unless a different time is prescribed by the magistrate judge or a judge.** Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. At the time the appeal is filed, the appellant shall also file a brief addressed to the issue raised by the objection to the order or part appealed from Any party opposing the appeal shall file a responsive brief within fourteen (14) days after service of the appellant's brief. A brief in reply may be filed within seven (7) days after service of the opposing party's brief. A judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule.

SO ORDERED this 3rd day of February, 2012.

                              *s/William I. Arbuckle, III*
                              William I. Arbuckle, III
                              U. S. Magistrate Judge