UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND ANGELA ARGUETA, REVENUE OFFICER INTERNAL REVENUE SERVICE     Plaintiffs | : : Civil Action No.: 11-CV-2041 : : (Chief Judge Kane) : : |
| VS. | : (Magistrate Judge Arbuckle) : |
| DEAN P. OLVANY     Defendant | : : |

### REPORT & RECOMMENDATION OF MAGISTRATE JUDGE

**PROCEDURAL HISTORY**

This is a civil action to enforce an Internal Revenue Service (hereinafter IRS) Summons. A petition filed by the IRS (Document #1) resulted in an Order to Show Cause (Document #2). Defendant, Dean P. Olvany (hereinafter Olvany) filed a pro se response asserting substantive and procedural defenses (Document #4). The matter was referred by the District Judge to a Magistrate Judge for purposes of a hearing (Document #5). All parties appeared at the hearing held on January 27, 2012 in Williamsport. On February 3, 2012 the Magistrate Judge issued an Opinion and Order, asserting the authority of the Magistrate Judge to finally decide the summons enforcement issue pursuant to 26 U.S.C. §7604(b) (Document 13). The Government filed a timely motion to reconsider (Document 14) and the Opinion and Order was vacated on February 22, 2012 (Document #18).

Although the language of the statue appears to grant authority to a Magistrate Judge to directly enforce a summons the weight of authority suggest that a Report and Recommendation with *de novo* review and final action by a District Judge is required.[1] Therefore, this Report and Recommendation is submitted to the District Judge for decision.

**APPLICABLE LAW**

The IRS seeks judicial enforcement of a summons requiring the taxpayer to produce evidence of income for the period of January 1, 2011 to June 30, 2011. The IRS requests this information to aid in its determination of the collectability of an assessment of taxes owed for calendar years 2003 and 2004. The IRS relies upon 26 U.S.C. §7602 and 7604(a) for its authority to request this information and to seek judicial enforcement of the subpoena.

26 U.S.C. §7602 states in relevant part:

> **(a) Authority to summon, etc**. For the purpose of … determining the liability of any person for any internal revenue tax …, or collecting any such liability, the Secretary is authorized--
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> (2) To summon the person liable for tax …, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
> (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.
> …

---

[1] *See U.S. v. Bell*, 57 F.Supp. 2nd 898 (N.D. Cal. 1999) and the cases cited therein.

**(d) No administrative summons when there is Justice Department referral.**

(1) Limitation of authority. No summons may be issued under this title, and the Secretary may not begin any action under section 7604 [26 USCS § 7604] to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.[2]

26 U.S.C. §7604(a) states in relevant part:

**§ 7604. Enforcement of summons.**

**(a) Jurisdiction of district court.** If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

**(b) Enforcement.** Whenever any person summoned under section … 7602 . . . neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court … for the district within which the person so summoned resides … and, if satisfactory proof is made, …upon such hearing the judge … shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

**REPORT OF HEARING**

All parties were present for the hearing on January 27, 2012. Consent to proceed exclusively by the Magistrate Judge was not given so the matter proceeds by Report and Recommendation. The Taxpayer elected to proceed pro se.

---

[2] What constitutes a "Justice Department referral" is defined by subsection (d)(2). The Assistant U.S. Attorney at the January 27, 2012 hearing and the IRS Agent in her declaration each have stated that a Justice Department referral has not been made. Olvany has not asserted that such a referral has been made.

The Taxpayer objected to the Summons on the grounds that certain property of his was seized to satisfy the 2003 & 2004 tax obligation and the Assessment of Tax that he received was incorrect.

Counsel for the IRS argued that the pleadings on their face satisfy the statutory requirements and meet the four point test established by *U.S. v. Powell*, 379 U.S. 48 (1964), entitling the IRS to enforcement of the subpoena by Court Order.

Testimony was not taken and no exhibits were offered or admitted. All argument was on the record.

**DISCUSSION**

The IRS seeks judicial enforcement of a summons requiring the taxpayer (Olvany) to produce:

> "All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period: From 01/01/2011 To 06/30/2011. Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies" (Summons, Document #1, Exhibit 1).

The authority for this request is 26 U.S.C. § 7602. Attached as Exhibits to the Complaint to Enforce IRS Summons is the Summons, a Certificate of Service, and the declaration of IRS Agent Angel Argueta (Document #1).

By these documents, the IRS has established that it is seeking information to be used to collect a tax liability; that the records sought are for a limited period and thus not burdensome; and that the proper procedure for service of the summons was followed. The requirements of the statute are met by the petition and declaration of Agent Argueta.

While the Petition and Declaration do not specifically state that a tax liability exists[3] or exactly what that liability is, the Taxpayer stated at the hearing that he had received assessments for tax years 2003 and 2004 and that he disputed the amount owed. The question of the amount of tax owed is not before the court.[4] This proceeding is limited to determining if the taxpayer can be required to respond to a summons for records and information to aid in the collection of taxes owed to the IRS.

---

[3] The Complaint (Document #1) states at paragraph 4: "The Internal Revenue Service is presently conducting an investigation with respect to the collection of the outstanding Federal income tax liabilities (Forms 1040) of Olvany for the tax years ending in December 31, 2003 and December 31, 2004." The Argueta Declaration (Document #1, Exhibit 1) states at paragraph 2: "In my capacity as a Revenue Officer, I am conducting an investigation into the collection of the income tax liabilities (Forms 1040) of Dean P. Olvany for the calendar years ending December 31, 2003 and December 31, 2004." These statements presume that a tax liability exists.

[4] *See, U.S. v. Mueller*, 930 F.2d 10 (8th Cir. 1991) holding that a taxpayer could not use a proceeding to enforce an IRS summons as a forum in which to contest the validity of the underlying assessments. *Accord, U.S. v. Gardell* 23 F.3d 395 (1st Cir. 1994), U.S. v. Heck, 25 F.3d 1059 (10th Cir. 1994).

At the hearing, the IRS cited *U.S. v. Powell*, 379 U.S. 48 (1964), to support its request. In *Powell*, the Supreme Court held that the IRS need not establish probable cause to suspect fraud as a prerequisite to seeking enforcement of a summons unless the taxpayer raises a substantial question that judicial enforcement of the summons would be abusive use of the court's process. There is no basis in the record to suggest that the enforcement of the summons in the present case would be an abuse of the court's process.

Taxpayer (Olvany) in his answer (Document #4) attempts to enter a "special appearance" to challenge the jurisdiction of the Court. His answer is rambling, does not contain numbered paragraphs, and does not respond directly to the allegations in the Complaint. In fact, he states "I have never seen the complaint." (Document #4, at page 2, line 13). He does however respond to "assertions" of the plaintiffs (Document #4, at page 2, line 12); and to the "notice pleading" (Document #4, at page 3, lines 6 & 18). The record also contains a "certificate of service" (Document #3) which establishes personal service on Olvany. Olvany's statement that he has "never seen the complaint" is contradicted by the record and his own pleading.

Jurisdiction to hear a petition to enforce a summons is vested in the District Court where the Defendant resides or may be found. 26 U.S.C. § 7604(a). In the instant case, the IRS alleges, and Olvany admitted at the hearing, that he resides at

2073 Spruce Road, Sunbury, PA 17801.  The Court can take judicial notice that this address is within the geographic jurisdiction of the Middle District of Pennsylvania.  F.R.E. 201.

Olvany also objects to the jurisdiction of this Court because he has not received a "verified tax assessment or substitute for return (SFR) followed by a deficiency notice as mandated by Congress."  (Document #4, at page 3, line 16). He cites no authority for this proposition, and, as noted earlier, he admitted at the hearing that he has received an assessment of tax owed and disputes the amount. Based on the information before this Court, it appears that the IRS is attempting in good faith to collect taxes due.  That is all that is required to invoke the jurisdiction of the court to enforce a summons.  The amount of tax owed is not before the Court at this time.

Olvany also demurs, claiming that the complaint is an attempt to form a contract, and he does not wish to contract with the IRS (Document 4, page 4, line 19 and page 3, line 6).  Olvany cites no authority for this proposition and the Court finds none.

Finally, Olvany does concede the jurisdiction of the Court to "remove all erroneous liens and furthermore order all property(s) and accounts seized in the matter returned." (Document #4, page 5, line 3).  There is nothing in the record to

indicate what the liens and seizures are or why they are improper. Olvany also cites no authority for this proposition and the court finds none.

**CONCLUSION AND RECOMMENDATION**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the IRS Complaint to Enforce Summons (Document #1) be GRANTED and the Defendant Olvany's Objections to Jurisdiction, Demur, and Request to Remove all Liens and Levies (Document # 4) be DENIED.

IT IS FURTHER RECOMMENDED that the United States be permitted to recover its costs in maintaining this action.

IT IS FURTHER RECOMMENDED that the Court order the Defendant Olvany to appear before a Magistrate Judge in Williamsport, at a date and time certain, and produce the requested documents and testimony to comply fully with the IRS Summons (Document #1, Exhibit #1) issued August 1, 2011, or in the alternative, Order that the Defendant Olvany comply with the summons by a date certain or suffer contempt.

**NOTICE REGARDING OBJECTIONS**

The parties are further placed on notice that **pursuant to F.R.C.P 72 and Local Rule 72.3**: **Any party may object** to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) **within fourteen (14) days** after being served with a copy thereof. **Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections** which shall specifically identify the portions of the

proposed findings, recommendations or report to which objection is made and the basis for such objections. **The briefing requirements set forth in Local Rule 72.2 shall apply**.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions

Respectfully submitted this 12th day of March, 2012.

                                      *s/William I. Arbuckle, III*
                                      William I. Arbuckle, III
                                      U. S. Magistrate Judge