## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | : | **Civil Action No. 4:11-cv-2041** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **DEAN P. OLVANY**, | : | **(Magistrate Judge Arbuckle)** |
| **Defendant** | : | |

### MEMORANDUM ORDER

Currently pending before the Court is Magistrate Judge Arbuckle's March 12, 2012 Report and Recommendation that Plaintiff's complaint to enforce summons be granted.  (Doc. No. 20.)  Upon a de novo review of the Report and Recommendation, Defendant's objections thereto, and the transcript of the January 26, 2012 hearing held before Magistrate Judge Arbuckle,[1] the Court will adopt Magistrate Judge Arbuckle's well-reasoned Report and Recommendation in full and grant the complaint to enforce summons.

Pursuant to 26 U.S.C. § 7602, the Internal Revenue Service has broad authority to issue a summons in order to conduct an investigation for the purpose of determining a taxpayer's liabilities.  See United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984) ("In order to encourage effective tax investigations, Congress has endowed the IRS with expansive information-gathering authority; [Section] 7602 is the centerpiece of that congressional design.").  Section 7602(a) authorizes the Commissioner of the Internal Revenue Service to

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b) provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

examine "any books, papers, records, or other data which may be relevant" to "the purpose of ascertaining the correctness of any return" or "determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a).  The United States District Court for the district in which a person summoned resides or is found is empowered to compel compliance with such a summons from the Internal Revenue Service.  26 U.S.C. § 7604(a).

The Internal Revenue Service is not required to establish probable cause in order to obtain enforcement of an administrative summons issued pursuant to a tax investigation.  United States v. Stuart, 489 U.S. 353, 359 (1989).  Rather, the Internal Revenue Service need only make a prima facie showing that the investigation is conducted in good faith.  Id.  To meet this burden the Internal Revenue Service must show that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the information sought is relevant to that purpose; (3) the information sought is not already within the Internal Revenue Service's possession; and (4) the administrative steps required by the Internal Revenue Service have been followed.  United States v. Powell, 379 U.S. 48, 57-58 (1964).  Once the Internal Revenue Service has made such a showing, enforcement of the summons is proper unless the taxpayer can prove that the Internal Revenue Service is attempting to abuse the court's process.  Stuart, 489 U.S. at 360.

The Court agrees with Magistrate Judge Arbuckle, that Plaintiff has met its burden of making a prima facie showing of good faith.  First, the declaration of Internal Revenue Officer Angela Argueta attests that she is conducting an investigation for a proper purpose, namely, the collection of Defendant's income tax liabilities for the calendar years ending December 31, 2003, and December 31, 2004.  (Doc. No. 1-2 ¶ 2.)  Second, the information sought is relevant. The summons directs Defendant to provide:

2

> All documents and records you possess or control regarding assets,
> liabilities, or accounts held in the taxpayer's name or for the
> taxpayer's benefit which the taxpayer wholly or partially owns, or in
> which the taxpayer has a security interest.  These records and
> documents include but are not limited to: all bank statements,
> checkbooks, cancelled checks, savings account passbooks, records or
> certificates of deposit for the period: from 01/01/2011 to 06/30/2011.
> Also include all current vehicle registration certificates, deeds or
> contracts regarding real property, stocks and bonds, accounts, notes
> and judgments receivable, and all life or health insurance policies.

(Doc. No. 1-1.)  This information is precisely the type of information that would be necessary to

determine whether the Internal Revenue Service is able to collect Defendant's tax liabilities.

(See also Doc. No. 1-2 ¶ 9.)  Third, Officer Argueta attested that the Internal Revenue Service

does not have access to the information sought.  (Id. ¶ 6.)  Finally, the certificate of summons

and declaration of Officer Argueta indicate that the Internal Revenue Service has complied with

all administrative procedures.  (Doc. No. 1-1; Doc. No. 1-2 ¶ 4.)  Accordingly, Plaintiff has met

its burden.

In his objections, Defendant makes a three primary arguments: (1) the Court lacks

jurisdiction; (2) there has been no Department of Justice referral; and (3) Defendant has failed to

prove that he has a tax liability and he is therefore, not a "person" under Section 7602(a).  (Doc.

No. 21.)  Defendant's jurisdictional argument focuses on whether he resides in the Middle

District of Pennsylvania.  Plaintiff contends Defendant resides in Sunbury, Pennsylvania, which

is located in the Middle District of Pennsylvania.  (Doc. No. 1 ¶ 3.)  When questioned by

Magistrate Judge Arbuckle, Defendant affirmed that the address identified by Plaintiff was his

mailing address.  Defendant objects that he did not understand the significance of Magistrate

Judge Arbuckle's question, and that he does not reside in the Middle District.  Rather, he

contends that he merely lives in the District in a house owned by a close relative. (Doc. No. 21 ¶

3

6.)  This is a distinction without a relevant difference.  Plaintiff does not dispute that he is

"domiciled in Pennsylvania" and lives in Sunbury, Pennsylvania.  (Doc. No. 4; Doc. No. 21.)

Accordingly, this Court's jurisdiction to issue a summons is not in question.  Second, Defendant

contends there has been no Department of Justice referral in this matter.  Defendant is correct.

(Doc. No. 1-2 ¶ 8.)  However, he misapprehends the significance of this fact.  Pursuant to 26

U.S.C. § 7602(d), a Department of Justice referral would bar the Internal Revenue Service from

issuing a summons.  26 U.S.C. § 7602(d)(1) ("No summons may be issued under this title . . .

with respect to any person if a Justice Department referral is in effect with respect to such

person.").  To that end, the summons is proper in this matter precisely because no Department of

Justice referral is in effect.  Finally, regarding the issue of whether Defendant is a "person,"

Defendant argues he is not a person because Plaintiff has not proven that he is a taxpayer.

Contrary to Defendant's belief, Section 7602(a) does not apply solely to those individuals

against whom taxes have been levied.  Indeed, one of the express grounds for conducting an

investigation is to determine whether an individual is liable for taxes or not.  26 U.S.C. §

7602(a); Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 311 (1985).  Therefore, the Court

must find that Defendant is a person.  Having reviewed all of Defendant's objections, the Court

finds that they are without merit.  Plaintiff has satisfied its burden of making a prima facie

showing of good cause for the issuance of a summons.  And Defendant has failed to rebut that

showing.

       **ACCORDINGLY**, on this 20th day of June 2012, **IT IS HEREBY ORDERED THAT**:

1.      The Report and Recommendation (Doc. No. 20) is **ADOPTED**;

2.      Plaintiff's complaint to enforce summons (Doc. No. 1) is **GRANTED**;

3.      Plaintiff shall be permitted to recover its costs in maintaining this action;

4.      Defendant **SHALL** appear before Magistrate Judge Arbuckle, at a date and time of Magistrate Judge Arbuckle's choosing within sixty days of this order, for the purpose of producing the requested documents and testimony to comply fully with the Internal Revenue Summons issued on August 1, 2011 (Doc. No. 1-1); Defendant is cautioned that failure to appear and comply with the summons will constitute contempt of court;

5.      This matter is referred to Magistrate Judge Arbuckle for the purpose of scheduling a time for Defendant to appear and comply with the summons.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania